UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BUILDING TRADES UNITED PENSION TRUST FUND
and SCOTT REDMAN (in his capacity as trustee)

        Plaintiffs,

v.                                      Case No. 18-cv-5-pp

PINNACLE WOODWORK, INC.,

        Defendant.

**ORDER GRANTING AMENDED MOTION FOR DEFAULT JUDGMENT (DKT. NO. 22), ENTERING JUDGMENT AND DISMISSING CASE**

On January 2, 2018, the plaintiffs filed a complaint against defendant Pinnacle Woodwork, Inc., alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1132, 1145, and breach of contract. Dkt. No. 1. The plaintiffs requested entry of default on May 22, 2018, dkt. no. 10, and the clerk entered default the next day. The plaintiffs also filed a motion for default judgment, dkt. no. 14, and an affidavit in support of damages and attorney fees, dkt. no. 15. The motion for default judgment and supporting affidavit have been updated three times—on August 9 and December 26, 2018, and on January 7, 2019—for the purpose of updating the court as to the amount of damages. Dkt. Nos. 17-23. To date, the defendant has not appeared. The court will grant the motion.

**I.    ENTRY OF DEFAULT**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the

court must assure itself that the defendant was aware of the suit and still did not respond.

The plaintiffs filed the complaint on January 2, 2018. Dkt. No. 1. On January 9, 2018, the plaintiffs filed an affidavit of service. Dkt. No. 3. The affidavit indicated that the process server served the summons and complaint on Anthony Mastocola as the registered agent of the defendant on January 8, 2018. Id. The defendant's answer was due within twenty-one days of that date. Dkt. No. 1-1. This means that the defendant's deadline for answering or otherwise responding to the complaint was January 29, 2018. The defendant did not respond by that date, even though—as the court will explain—it appears that the plaintiffs made it aware that this case was pending.

On February 5, 2018, the clerk's office sent a letter to plaintiffs' counsel, asking the plaintiffs to advise the court on the status of the case. Dkt. No. 4. The next day, plaintiffs' counsel filed a status report, informing the court that "the parties are currently attempting a settlement of this matter." Dkt. No. 6. A month and a half later, on March 23, 2018, the plaintiffs provided another status update, telling the court that "plaintiff is awaiting the return of a settlement agreement and payment that will lead to the dismissal of this action." Dkt. No. 7. Finally, on May 11, 2018, the plaintiffs indicated in a final status report that the parties had been unable to finalize a settlement and that default paperwork was forthcoming. Dkt. No. 8. The plaintiffs filed a "request to enter default" on May 22, 2018, dkt. no. 10, and provided supporting affidavits which noted that proof of service (dkt. no. 3) already had appeared on the docket, dkt. nos. 11, 12.

The court is satisfied that the plaintiff effectuated service, and that the entry of default was proper.

## II.   PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT

After the entry of default, a plaintiff may move for default judgment under Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id. Federal Rule of Civil Procedure 55(b)(2) allows the court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)).

The plaintiffs' complaint states a claim that defendant Pinnacle Woodwork, Inc. violated the Labor-Management Relations Act of 1947 (as amended), ERISA (as amended) and the effective collective bargaining agreement by failing to pay fringe benefit contributions on behalf of its employees to the plaintiff funds. Those allegations establish liability. ERISA §502(g)(2) entitles the plaintiffs to damages consisting of unpaid contributions,

3

interest on the unpaid contributions, liquidated damages and reasonable attorney's fees and costs of the action. 29 U.S.C. §1132(g)(2).

The plaintiffs' latest amended motion and third amended affidavit contain the most up-to-date accounting of the plaintiffs' damages. Dkt. Nos. 22, 23. The third amended affidavit includes several attachments: (1) the audit for the period from January 1, 2016 until March 31, 2017, which showed the unpaid contributions, interest and liquidated damages for that period to be $56,370.37, dkt. no. 23-3; (2) the audit for the period from April 1, 2017 until September 30, 2017, which showed the unpaid contributions, interest, and liquidated damages for that period to be $91,214.15, dkt. nos. 23-4, 23-5 (dkt. no. 23-4 shows unpaid amount to be $89,671.21 but dkt. no. 23-5 amends that amount to $91,214.15); (3) a ledger sheet from May 3, 2018, showing that the defendant made five payments of $3,000 each (for a total of $15,000) toward the unpaid contributions, dkt. no. 23-5; (4) the audit for the period from October 1, 2017 until April 30, 2018, which shows the unpaid contributions, interest and liquidated damages for that period to be $98,336.70, dkt. no. 23-7; and (5) the audit for the period of May 1, 2018 through October 31, 2018, which shows the unpaid contributions, interest and liquidated damages for that period to be $109,241.19, dkt. no. 23-8. The plaintiffs submitted itemized attorney's fees in the amount of $4,014, dkt. no. 23-9, and costs of prosecution in the amount of $450, dkt. no. 21-10. The amount of unpaid contributions, interest, liquidated damages and attorneys' fees minus the amount already paid by the defendant totals $344,162.41—the amount sought by the plaintiffs in their latest motion for default judgment.

### III. CONCLUSION

The court **GRANTS** the plaintiffs' third amended motion for default judgment. Dkt. No. 22.

The court **DENIES AS MOOT** the plaintiffs' motion for default judgment, the plaintiffs' amended motion for default judgment, and the plaintiffs' second amended motion for default judgment. Dkt. Nos. 14, 17, 20.

The court **ORDERS** that the clerk of court shall enter judgment in favor of the plaintiffs, Building Trades United Pension Trust Fund, and Scott Redman (in his capacity as Trustee) and against the defendant in the amount of **$344,626.41**, together with interest at the rate allowed by law.

The court **ORDERS** that this case is **DISMISSED.**

Dated in Milwaukee, Wisconsin this 10th day of January, 2019.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Judge**